h ARMSTRONG, Judge.
This is an action by a lessee, brought against the assignee-lessor of a lease, alleging a breach of the lease. The trial court granted summary judgment in favor of the defendant assignee-lessor. Because the clear terms of the written lease show that there was no breach of the lease, we will affirm.
A summary judgment should be granted only if there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966. In the present case, *614 we will assume the facts to be as Mr. Davis contends but, even so assuming, we find that the summary judgment was rendered properly.
In June 1984, plaintiff-appellant Sump-ter B. Davis leased a time share unit at the Avenue Plaza Hotel (“the Hotel”). He executed a written interval lease with Avenue Plaza Apartments company (“APAC”). The lease term was August 1, 1984 through July 31, 2016 and gave Mr. Davis the right to use the unit a certain number of nights per year. Prior to execution of the written lease, Mr. Davis told a representative of APAC that he would enter into the lease only if he could use the | gunit for short stays (e.g., one or two nights) and if he could carry over unused nights from one year to the next year. The APAC representative agreed to that. In fact, the written lease provided for a minimum length of stay and did not allow unused nights to be carried over from one year to the next. However, for a period of about ten years, Mr. Davis used the timeshare unit for short stays, without meeting the written lease’s minimum length of time provision, and carried over unused nights from one year to the next.
In February 1993, the Hotel was purchased by defendant-appellee Avenue Plaza, L.L.C. (“Avenue Plaza”). Avenue Plaza also took an assignment from APAC of the leases for the Hotel including Mr. Davis’ lease. For awhile, Mr. Davis continued to use the timeshare unit one or two nights at a time. However, eventually, Avenue Plaza informed Mr. Davis that the minimum length of stay requirements of the written lease would be enforced as would the written lease’s prohibition on carrying over unused nights from one year to the next. Mr. Davis then brought the present action alleging that Avenue Plaza was breaching the lease. The trial court granted summary judgment for Avenue Plaza. Mr. Davis then brought the present appeal.
Article 1848 of the Civil Code states:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
(emphasis added).
13Mr. Davis does not argue that the oral argument that he says he made with APAC, prior to executing the written lease, is effective. Rather, he argues that the ten years’ course of conduct after execution of the written lease amounted to a subsequent oral modification of the written lease.
The written lease requires that any modifications be in a signed writing:
11. THE TERMS OF THIS CONTRACT ARE LIMITED TO THE RIGHTS AND OBLIGATIONS SET FORTH IN THIS AGREEMENT AND NO OTHER REPRESENTATIONS, INDUCEMENTS, STATEMENTS OR WARRANTIES, EITHER EXPRESSED OR IMPLIED, HAVE BEEN MADE BY OWNER, HIS AGENTS OR EMPLOYEES TO THE LESSEE AND ALL RIGHTS, REMEDIES AND PRIVILIGES [PRIVILEGES] OF THE LESSEE ARE LIMITED TO THE EXPRESS TERMS OF THIS AGREEMENT. THIS AGREEMENT MAYBE MODIFIED ONLY IN WRITING SIGNED BY BOTH PARTIES ...
(emphasis added).
Mr. Davis cites Pelican Electrical Contractors v. Neumeyer, 419 So.2d 1 (La. App. 4th Cir.1982), for the proposition that a written contract can be modified orally even if it requires that modifications be in writing. However, in Pelican Electrical, the subsequent oral modification was enforced against the original party to the contract. That is, the same party who entered into the oral modification was *615 bound by it. In the present ease, the claimed oral modification was entered into between Mr. Davis and APAC but Mr. Davis seeks to enforce it against Avenue Plaza. We decline to extend Pelican Electrical to allow enforcement of a subsequent oral modification, despite the presence of a no oral modification clause, against an assignee who did not participate in the oral modification. Assignments of leases and other contracts, done either individually or, as in the present case, as |4part of a larger transaction, are common and commercially important. Were we to hold that an assignee of a written lease or other written contract, which lease or other contract contains a no oral modification clause, could be bound by an oral modification in which it did not participate, then we would make the taking of assignments of leases and contracts (which might be dearly paid for) a hazardous practice and one subject to frequent injustice. An assignee of a written lease or other written contract which contains a no oral modification clause ought to be able to rely upon that clause. Lastly, we note that, unlike an assignee, an original party to a lease or other contract, such as Mr. Davis in the present case, has the opportunity to reduce to writing any agreed upon (with the other original party to the contract) modifications to the lease or other contract. Such written modification to leases or contracts which have no oral modification clauses, if done prior to an assignment, protect the rights of all parties including assignees.
Thus, we find that Mr. Davis is bound by the terms of the written lease and may not enforce the claimed oral modification against Avenue Plaza even if he could have enforced it against APAC. Therefore, the judgment of the trial court is affirmed.[1]

AFFIRMED.

. Avenue plaza also raises as a defense the Public Records doctrine. In view of our decision above, we need not address the Public Records doctrine.